

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

**MEMO ENDORSED**

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

March 29, 2018

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/29/2018
```

**BY ECF**
The Honorable Valerie E. Caproni
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

Re:   *Bonner v. Central Intelligence Agency*
        No. 18 Civ. 1315 (VEC)

Dear Judge Caproni:

We write respectfully on behalf of all parties in the above-referenced action brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), pursuant to the Court's Notice of Initial Pretrial Conference dated March 8, 2018, and to request a brief adjournment of the initial pretrial conference presently scheduled for April 6, 2018, to a date convenient to the Court after April 30, 2018. The parties have conferred and are available on either May 4, 2018 or May 11, 2018.

**Brief Description of the Case, Including the Legal and Factual Bases for the Claims and Defenses**

This is a FOIA action seeking certain records from the Central Intelligence Agency ("CIA") concerning interrogation techniques and Zayn al-Abidin Muhammad Husayn, more commonly known as Abu Zubaydah ("Zubaydah").[1]  In this case, Plaintiff made eight requests for records or categories of records:

(a)  An unredacted copy of a June 1998 hearing of the Senate Select Committee on Intelligence ("SSCI") on the Honduran Interrogation Manual, at which CIA Deputy Operations Director Richard Stoltz testified;

(b)  A CIA manual for interrogation techniques, which Mr. Stoltz said was assembled in 1964, and which was referred to in the SSCI hearing;

---

[1] Your Honor accepted this case as related to an earlier FOIA action, also filed by Plaintiff, seeking records from the CIA, Department of Defense, and Federal Bureau of Investigation concerning Zubaydah.  *See Bonner v. DOD*, 17 Civ. 9378 (VEC) ("*Bonner I*").

(c) All documents pertaining directly or indirectly to the CIA's July 2002 request to the Department of Justice for a formal declination of prosecution for any employee of the United States involved in the interrogation of Zubaydah;

(d) A July 2002 psychological assessment of Zubaydah;

(e) All documents that were used in the preparation of said psychological assessment;

(f) All documents prepared in July 2002 with the subject: "Increased Pressure in the Next Phase the Abu Zubaydah Interrogations";

(g) A cable, written on or about July 23, 2002 by the Chief of Base at a CIA detention site in which Zubaydah was being held, in which the author said, "we are a nation of law and we do not wish to parse words;" and

(h) All documents with the subject "Effectiveness of the CIA Counterterrorist Interrogation Techniques."

**Plaintiff's Statement**

As in *Bonner I*, through this action plaintiff seeks to enforce compliance with straightforward FOIA requests for specific records concerning Abu Zubaydah. CIA has not yet produced any documents responsive to his second FOIA request, which plaintiff submitted on December 15, 2017. Plaintiff understands that the defendant agency has searched for responsive records and is currently processing those records, but at this time, plaintiff has insufficient information to ascertain what would be a reasonable timeframe for compliance. Plaintiff is in continuing discussions with counsel for defendants, and expects to be in a position to propose a timeframe for the defendants to complete production by April 30, 2018.

Plaintiff respectfully requests the initial pretrial conference be rescheduled for May 4, 2018 if convenient for the Court. Plaintiff will object to any further requests by defendant agency to delay the initial pretrial conference.

**Defendant's Statement**

CIA is diligently processing Plaintiff's FOIA request, and expects to provide an interim response to Plaintiff by April 6, 2018, which will address requests (a), (b), and (g).[2]  With regard to the remaining requests, CIA has completed its search and identified approximately 500 pages of potentially responsive records.  The agency is now in the process of conducting a preliminary review of those records to confirm that they are responsive to the FOIA request, to remove any duplicates, and to identify any responsive records that have been processed in connection with other FOIA cases.  CIA expects to

---

[2] The cable sought in request (g) was previously released to Plaintiff on March 5, 2018, in *Bonner I*.

complete its preliminary review by April 30, 2018,[3] at which time it will be in a position to propose a schedule for processing and production of the remaining responsive, non-exempt records.

With regard to defenses, certain of Plaintiffs' requests do not reasonably describe the records sought, and CIA is unable to undertake a reasonable search. For example, Plaintiff's request for documents "pertaining . . . indirectly" to a July 2002 request to the Department of Justice for a formal declination of prosecution is unreasonable insofar as it seeks documents that do not refer to such a request. Plaintiff's request for all documents "that were used in the preparation of" a July 2002 Psychological Assessment is unreasonable to the extent it would require the CIA to undertake research not required by FOIA.

In addition, many of the documents sought by Plaintiff are likely to be exempt from disclosure, in whole or in part, under one or more of FOIA's exemptions, 5 U.S.C. § 552(b), including Exemption 1 (for records containing classified national security information), Exemption 3 (for records protected from disclosure by statute, including the National Security Act and the CIA Act), Exemption 5 (for privileged records, including records protected by the attorney-client and deliberative process privileges), Exemption 6 (for records the disclosure of which would constitute a clearly unwarranted invasion of personal privacy), and Exemption 7 (for certain law enforcement records). With regard to Exemptions 6 and 7(C), it is not clear whether Plaintiff has sought, or intends to seek, a privacy waiver from Zubaydah, who is represented by counsel in his habeas case, with regard to the documents sought in this case.[4]

**Any Contemplated Motions**

There are no contemplated motions at this time. If Plaintiff challenges defendants' searches or withholding of responsive records, the parties anticipate that the case would be resolved via summary judgment motion practice. *See Carney v. U.S. DOJ*, 19 F.3d 807, 812 (2d Cir. 1994).

**The Basis for Subject Matter Jurisdiction**

The Court has jurisdiction because this is an action arising under federal law, specifically, the Freedom of Information Act, 5 U.S.C. § 552. *See* 28 U.S.C. § 1331.

---

[3] CIA personnel charged with processing and preliminary review have a significant backlog of processing to complete for cases filed before this case, and therefore cannot commit to completing its preliminary processing and review prior to April 30, 2018.

[4] CIA understands that Plaintiff is attempting to obtain a privacy waiver from Zubaydah's counsel with regard to certain drawings requested in *Bonner I*.

**The Prospect for Settlement**

The parties do not believe settlement discussions would be productive at this time. However, at the case proceeds, the parties will meet and confer to narrow the issues in dispute.

**Case Management Plan**

The parties respectfully submit that the Court's form Case Management Plan and Scheduling Order should not be used in this FOIA case, as FOIA cases are typically resolved on motions for summary judgment without the need for discovery. *See Carney*, 19 F.3d at 812.

The parties respectfully submit that it would be more efficient to discuss a proposed schedule for further proceedings after CIA has completed its preliminary review of potentially responsive records. Accordingly, the parties respectfully suggest that they submit a joint letter on April 30, 2018, setting forth either a jointly proposed schedule or the parties' respective positions with regard to a schedule. The parties further respectfully request that the initial pretrial conference presently scheduled for April 6, 2018, be adjourned to a date convenient to the Court after April 30, 2018.

We thank the Court for its consideration of this letter.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: /s/ *Sarah S. Normand*
SARAH S. NORMAND
CHRISTOPHER CONNOLLY
Assistant U.S. Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2709/2761
Facsimile: (212) 637-2730
Sarah.Normand@usdoj.gov
Christopher.Connolly@usdoj.gov

*Counsel for Defendant CIA*

4

The April 6, 2018 initial pretrial conference is adjourned to May 11, 2018 at 10:00 a.m., Courtroom 443, Thurgood Marshall U.S. Courthouse.

The parties' request to forgo using the Court's standard Case Management Plan is granted.  No later than May 3, 2018, the parties must submit a joint proposed production schedule.

    SO ORDERED.

3/29/2018

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

MEDIA FREEDOM AND
INFORMATION
ACCESS CLINIC

By: */s/ David A. Schulz*_____
    David A. Schulz
    919 3rd Avenue, 37th Floor
    New York, NY 10022
    Tel: (212) 850-6103
    schulzd@ballardspahr.com

    Hannah Bloch-Wehba (*pro hac vice*
    application forthcoming)
    Yale Law School
    P.O. Box 208215
    New Haven, CT 06520-8215
    Tel: (203) 436-5824
    Fax: (203) 432-3034
    hannah.bloch-wehba@yale.edu

    *Counsel for Plaintiff Raymond Bonner*