UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAYMOND BONNER,<br><br>            Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF DEFENSE, CENTRAL INTELLIGENCE AGENCY, and FEDERAL BUREAU OF INVESTIGATION,<br><br>            Defendants. | 17 Civ. 9378 (VEC) |
| RAYMOND BONNER,<br><br>            Plaintiff,<br><br>    v.<br><br>CENTRAL INTELLIGENCE AGENCY,<br><br>            Defendant. | 18 Civ. 1315 (VEC) |

**STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL**

WHEREAS, on November 30, 2017, plaintiff Raymond Bonner filed a complaint pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, assigned docket number 17 Civ. 9378, seeking to compel defendants the Department of Defense, the Central Intelligence Agency, and the Federal Bureau of Investigation to disclose records in response to a FOIA request that Plaintiff submitted to those defendants;

WHEREAS, on February 14, 2018, Plaintiff filed a second complaint pursuant to FOIA, assigned docket number 18 Civ. 1315, seeking to compel defendant the Central Intelligence Agency to disclose records in response to a separate FOIA request that Plaintiff submitted to that defendant;

WHEREAS, the Court accepted these cases as related;

WHEREAS, Defendants in these cases have completed their searches for, processing, and productions of records responsive to Plaintiff's FOIA requests;

WHEREAS, the parties have met and conferred in an effort to resolve potential disputes, and Plaintiff does not challenge either the adequacy of Defendants' searches for responsive records or their applications of FOIA's statutory exemptions to all or portions of the responsive records;

WHEREAS, Plaintiff made a claim for attorney's fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

WHEREAS, Plaintiff and Defendants wish to avoid further litigation and controversy and to settle and compromise fully any and all claims and issues that Plaintiff now has or may hereafter acquire in connection with Plaintiff's FOIA requests at issue in these actions;

NOW, THEREFORE, the parties stipulate and agree as follows:

1. Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, these actions are hereby dismissed with prejudice and without costs or fees other than as provided in paragraph 2 of this Stipulation, provided that the Court shall retain jurisdiction over any issues that might arise relating to the enforcement of this Stipulation.

2. Defendants shall pay to Plaintiff the sum of five thousand dollars ($5,000.00) for attorney's fees and litigation costs. This payment shall constitute full and final satisfaction of

any and all claims by Plaintiff for attorney's fees and litigation costs in the above-captioned actions, and is inclusive of any interest.  Payment shall be made by electronic funds transfer, and counsel for Plaintiff will provide the necessary information for Defendants to effectuate the transfer.

3. This Stipulation constitutes the full and complete satisfaction of any and all claims on behalf of Plaintiff arising from the FOIA requests at issue in these actions, including all claims for attorney's fees and costs incurred in these litigations.

4. This Stipulation does not constitute an admission of liability or fault on the part of Defendants, or of Plaintiff's eligibility for or entitlement to attorney's fees, and is entered into by both parties for the sole purpose of settling and compromising disputed claims and avoiding the expenses and risks of further litigation.  This Stipulation shall not be construed as evidence or as an admission regarding any issues of law or fact, or regarding the truth or validity of any allegation or claim raised in this action, or as evidence or as any admission by the Defendants regarding Plaintiff's entitlement to attorney's fees and other litigation costs under the FOIA.  The Settlement Agreement shall not be used in any manner to establish liability for fees, amounts, or hourly rates in any other case or proceeding.

5. This Stipulation contains the entire agreement between the parties, and no statement, representation, promise, or agreement, oral or otherwise, between the parties or their counsel that is not included herein shall have any force or effect.

6. The signatures of counsel for the parties may be indicated with an "/s/".

7. This Stipulation is subject to the approval of the Court. In the event that the Court declines to approve this Stipulation, it shall be null and void, with no force or effect.

| | |
|---|---|
| Dated: New Haven, Connecticut<br>July 30, 2020 | Dated: New York, New York<br>July 30, 2020 |
| | AUDREY STRAUSS<br>Acting United States Attorney<br>Southern District of New York<br>*Attorney for Defendants* |
| By:    /s/ *David A. Schulz*<br>DAVID A. SCHULZ, Esq.<br>Media Freedom and Information<br>Access Clinic, Yale Law School<br>*Attorney for Plaintiff*<br>P.O. Box 208215<br>New Haven, Connecticut 06520<br>Telephone: (212) 850-6103 | By:  /s/ *Christopher Connolly*<br>SARAH S. NORMAND<br>CHRISTOPHER CONNOLLY<br>Assistant United States Attorneys<br>86 Chambers Street, 3rd Floor<br>New York, New York 10007<br>Telephone: (212) 637-2709/2761 |

SO ORDERED:

Dated: New York, New York
             _____, 2020

_____
THE HONORABLE VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE